IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02494-PAB-BNB

COLORADO INSURANCE GUARANTY ASSOCIATION,

Plaintiff,

v.

SUNSTATE EQUIPMENT COMPANY, LLC,

Defendant.

_____

**ORDER**
_____

This matter arises on **Plaintiff's Motion to Stay Discovery** [Doc. # 38, filed 3/6/2013] (the "Motion to Stay"). The plaintiff requests an order staying all discovery pending a ruling on its Rule 12(b)(6) Motion to Dismiss [Doc. # 38] (the "Motion to Dismiss") and Motion for Summary Judgment [Doc. # 39]. The Motion to Stay is DENIED.

Michael Menor was an employee of the defendant ("Sunstate") who suffered a job related injury. Sunstate's workers' compensation insurer, Fremont Indemnity Company ("Fremont"), began paying benefits but became insolvent. As a result of Fremont's insolvency, the Colorado Insurance Guaranty Association ("CIGA") made unreimbursed payments of approximately $1.5 million to Mr. Menor on his claim. CIGA commenced this action seeking reimbursement from Sunstate of those unreimbursed payments pursuant to the Colorado Insurance Guaranty Association Act, section 10-4-510 et seq., C.R.S. (the "Act").

Sunstate argues that CIGA committed malfeasance in handling Mr. Menor's claim and asserts counterclaims against CIGA for negligent claims handling, common law bad faith, and a

declaration that the Colorado Insurance Guaranty Association Act is unconstitutional. In addition, Sunstate has asserted defenses to CIGA's claim for reimbursement, including (1) failure to mitigate damages, (2) offset for payments recovered from Fremont, (3) offset for other payments received by Mr. Menor, and (4) equitable estoppel based on CIGA's unreasonable claims handling.

The plaintiff has filed two motions which it argues may dispose of the entire action. In its Motion for Summary Judgment [Doc. # 39], the plaintiff argues that the Colorado Insurance Guaranty Association Act is constitutional and that Sunstate is not entitled to a declaration to the contrary. Building on that, the plaintiff argues in its Motion to Dismiss [Doc. # 37] that section 10-4-517, C.R.S., precludes the defendant from challenging CIGA's handling of Mr. Menor's claim. In the plaintiff's words:

> [U]nless Sunstate's declaratory judgment counterclaim [alleging that the Act is unconstitutional] survives dismissal, Sunstate's negligence and bad faith claims, as well as the request for a declaration the CIGA "was malfeasant and negligent in its handling of Menor's claim" must be dismissed as a matter of law because they are not legally cognizable and thus do not state a claim upon which relief can be granted.

Motion to Dismiss [Doc. # 37] at p. 4.[1]

In Ortiz v. United States, 2013 WL 303821 (D. Colo. Jan. 25, 2013), the court explained that "[t]he Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings" pending the determination of dispositive motions. Id. at *1. Nor is such a stay prohibited.

---

[1] Section 517 provides that "[t]here shall be no liability on the part of, and no cause of action of any nature shall arise against, any member insurer, the association or its agents or employees . . . for any action taken by them in the performance of their powers and duties under this part 5." It does not expressly bar Sunstate from asserting CIGA's alleged malfeasance as a defense in an action by CIGA for reimbursement, however.

Rather:

> When considering a stay of discovery, the court may consider and weigh: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil action; and (5) the public interest."

Id. at *2 (quoting String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *2 (D. Colo. Mar. 30, 2006)).  In addition:

> In cases involving jurisdiction or claims of immunity, however, the analysis is somewhat more restrictive.  First, the court notes that it may stay discovery where "resolution of a preliminary motion may dispose of the entire action."

Id. (quoting Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004)).

I do not agree that CIGA's dispositive motions, even if fully successful, are likely to dispose of the entire action.  Even if the Act is upheld and CIGA is successful in obtaining an order dismissing Sunstate's affirmative claims for negligence and bad faith as barred by section 10-4-517, the validity of Sunstate's defenses to CIGA's reimbursement claim will remain unresolved.  In other words, neither of CIGA's motions seeks dismissal or summary judgment with respect to Sunstate's defenses.  Thus, for example, issues concerning whether CIGA failed to mitigate its damages as a result of its claims handling and whether Sunstate is entitled to certain offsets will continue.

I have reviewed Sunstate's discovery.  It is directed to issues raised in Sunstate's defenses, at least in part.  Consequently, it includes discovery that must be taken even if CIGA prevails on both of its motions.

Turning to the factors outlined in the String Cheese Incident case, I find that a stay of discovery here is not warranted. First, I note that stays of discovery pending the determination of dispositive motions are disfavored in this district. SOLIDFX, LLC v. Jeppesen Sanderson, Inc., 2011 WL 4018207 at *2 (D. Colo. Sept. 8, 2011).

Rule 1, Fed. R. Civ. P., directs that the rules of procedure are to be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Here, it appears that even if CIGA prevails on its motion, discovery on issues raised by its defenses will be necessary. Consequently, staying discovery will substantially delay the ultimate resolution of the case.

Parties always are burdened in litigation. There is no special burden to the plaintiff here by allowing discovery to proceed now. And, it must be recalled that the plaintiff chose to bring this action and must be prepared to undertake the discovery attendant to its case.

Similarly, no special burdens fall on the court or persons not parties to the suit by permitting discovery to proceed while the dispositive motions are pending, and the public interest is advanced by proceeding as expeditiously as possible.

IT IS ORDERED that the Motion to Stay [Doc. # 38] is DENIED.

Dated March 25, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge