IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02494-PAB-BNB

COLORADO INSURANCE GUARANTY ASSOCIATION,

    Plaintiff,

v.

SUNSTATE EQUIPMENT COMPANY, LLC,

    Defendant.

_____

**ORDER OF DISMISSAL**
_____

    This matter is before the Court on the Response to Court's Order to Show Cause [Docket No. 67] filed by plaintiff Colorado Insurance Guaranty Association ("CIGA"). CIGA brought this case on September 19, 2012, alleging that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Docket No. 1 at 2, ¶ 6. On August 13, 2013, the Court issued an Order to Show Cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 63. The Order to Show Cause was based on the plaintiffs' failure to sufficiently plead its own citizenship. *Id*.

    The Court's Order to Show Cause noted that an unincorporated association is a citizen of every state of which its members are citizens. *See Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 677 (2d Cir. 1990) (finding that state insurance guaranty associations created by laws patterned on the Post-Assessment Property and Liability Insurance Guaranty Association Model Act were unincorporated associations and thus citizens of every state of their members' citizenship). As CIGA's complaint

does not set forth the citizenship of its members, it failed to establish the Court's subject matter jurisdiction as a threshold matter.  *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) ("The resolutions we have reached above can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations . . . . [But] accommodating our diversity jurisdiction to the changing realities of commercial organization . . . . is not only performed more legitimately by Congress than by courts, but it is performed more intelligently by legislation than by interpretation of the statutory word 'citizen.'").

In its response to the Court's Order, CIGA states that "[u]pon further investigation conducted in light of this Court's August 13, 2013 Order to Show Cause (Docket No. 63), the undersigned determined that at least one of CIGA's member insurers is incorporated in Arizona."  Docket No. 67 at 2.  Since defendant Sunstate Equipment Company, LLC has two members who are citizens of Arizona, *see* Docket No. 13 at 2, CIGA's response establishes that the Court lacks diversity jurisdiction over this matter.

Wherefore, it is

**ORDERED** that this case is DISMISSED without prejudice for lack of subject matter jurisdiction.

DATED August 27, 2013.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge